# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL BURNS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:14-CV-106-SNLJ |
| PAULA PHILLIPS, et. al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to amend his complaint. The Court will deny the motion.

Although the Federal Rules have a liberal policy towards amendments, "[p]ost-dismissal motions to amend are disfavored," In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation, 623 F.3d 1200, 1208 (8th Cir. 2010), and amendments should not be granted when they would be frivolous or "futile." See Foman v. Davis, 371 U.S. 178, 182 (1962); Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991). Further, to obtain leave to file an amended complaint, "a party must submit the proposed amendment along with its motion." Clayton v. White Hall School Dist., 778 F.2d 457, 460 (8th Cir. 1985); see Wolgin v. Simon, 722 F.2d 389, 395 (8th Cir. 1983) ("Absent some indication as to what might be added to the complaint to make it viable, the [moving party] is not entitled to leave to amend.").

Here, plaintiff failed to submit a proposed amendment with his motion. Plaintiff's complaint was premised on his assertion that defendants violated his procedural due process rights by taking away his conditional release date as a result of his conduct violation in allegedly damaging a window. Given that prisoners do not have an established liberty interest in

conditional release, Dace v. Mickelson, 816 F.2d 1277, 1280–81 (8th Cir. 1987), it appears that an amendment would be frivolous or futile.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [ECF No. 8] is **DENIED** without prejudice.

Dated this 14th day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE